O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Plaintiff, FIRST NATIONAL BANK OF NEVADA, N.A., successor-in-interest by merger to FIRST NATIONAL BANK OF ARIZONA, N.A., a national banking association,<br><br>            Plaintiff,<br><br>    v.<br><br>LAKE ELSINORE 521, LLC, a Nevada limited liability company, BRADLEY F. BURNS, an individual; and DOES 1 through 100, inclusive,<br><br>            Defendants. | Case No. EDCV 08-1532-VAP (AGRx)<br><br>**[Motion filed on December 1, 2008]**<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF JURISDICTION** |

The Court has received and considered the papers filed in support of, and in opposition to, Defendant Bradley F. Burns' "Motion to Dismiss Complaint For Lack of Jurisdiction Pursuant to Fed. R. Civ. Proc. 12(b)(2)"

("Motion"), filed on December 1, 2008. For the following reasons, the Court GRANTS the Motion.

## I. BACKGROUND

Plaintiff First National Bank of Arizona, N.A. filed a Complaint on May 13, 2008 against Defendants Lake Elsinore 521 LLC and Bradley F. Burns, for judicial foreclosure, specific performance to enforce terms and provisions of deed of trust, appointment of receiver and injunctive relief, and breach of guaranty. On May 19, 2008 the California Superior Court issued an attachment against a bank account held by Defendant Burns under the California Nonresident Attachment Law, Cal. Code Civ. Proc. § 492.010, et seq. On May 21, 2008, Plaintiff dismissed Lake Elsinore 521, LLC from the action without prejudice.

Plaintiff merged with First National Bank of Nevada on June 30, 2008. On July 25, 2008, the Office of the Comptroller of the Currency appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver for the Bank and the FDIC accepted its appointment. On August 13, 2008, the Court substituted the FDIC in place of the Bank as the Plaintiff and the FDIC filed an amendment to the Complaint in accordance with the Court's order. Pursuant to 12 U.S.C. § 1819(b)(2)(B), the FDIC removed the action to this Court.

On December 1, 2008, Defendant Burns, a resident of Nevada, filed this Motion, moving the Court to dismiss Plaintiffs' Complaint for lack of personal jurisdiction over him.  With his motion, he filed the Declaration of Bradley F. Burns ("Burns Declaration"), the Declaration of Lynne T. Galuppo ("Galuppo Declaration"), and a Request for Judicial Notice.[1]  Plaintiffs filed Opposition papers on December 15, 2008, including evidentiary objections[2] to the Burns Declaration, and the Declaration of Hal D. Goldflam ("Goldflam Declaration").

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) governs dismissal for lack of personal jurisdiction.  "In order to exercise personal jurisdiction over a nonresident defendant in a case presenting a federal question, the district court must first determine that 'a rule or statute potentially confers jurisdiction over the defendant and then conclude that asserting jurisdiction does not offend the principles of Fifth Amendment due process.'"  Doe I v. Unocal Corporation, 248 F.3d 915, 921-22 (9th Cir. 2001), citing Go-Video, Inc. v. Akai Electric Co., Ltd., 885 F.2d 1406, 1413 (9th Cir. 1989).

---

[1] Defendant Burns' request for judicial notice is granted.  See Fed. R. Civ. Proc. 201.

[2] The Court does not address these objections because it did not rely on the sections of the Burns Declaration to which Plaintiff objects.

3

Due process requires that nonresident defendants have certain "minimum contacts" with the forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. Int'l Shoe v. Washington, 326 U.S. 310 (1945). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its law." Hanson v. Denckla, 357 U.S. 235, 253 (1958).

A court may exercise personal jurisdiction over a nonresident defendant generally or specifically. Doe v. Am. Nat'l Red Cross, 112 F.3d 1048, 1050 (9th Cir. 1997). Specific jurisdiction exists when: (1) the defendant purposefully avails himself of the "privilege of conducting activities in the forum," (2) the claims arises "from the defendant's forum-related activities," (3) is reasonable. See Data Disc, Inc. V. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). Alternatively, a court has general jurisdiction when the defendant's activities within a state are "substantial" or "continuous and systematic." Id.

The plaintiff has the burden to establish a court's personal jurisdiction over a defendant. Cubbage v. Merchent, 744 F.2d 665, 667 (9th Cir. 1984), cert.

4

denied, 470 U.S. 1005 (1985).  The plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant.  Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995) (citations omitted); see also AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996) (where trial court rules on jurisdictional issue based on affidavits and discovery materials without holding evidentiary hearing, plaintiff need only make prima facie showing).  "[C]onflicts between the facts contained in the parties' affidavits must be resolved in [plaintiffs'] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists."  Id. (citations omitted.)

### III. DISCUSSION

Defendant Burns argues the Court has no personal jurisdiction over him.  He presents substantial evidence to prove his argument: (1) he is a resident of Nevada; (2) he has had no contact with California since 1993, when he moved from California to Nevada; (3) he does not maintain an address, office, post office box, or telephone listing in California; (4) he does not own real property in California; (5) he has not paid taxes in California since 1993; (6) he was served with the Summons and Complaint for this action in Nevada; (7) Plaintiff's underlying claim arose out a contract executed by Burns, in Nevada, and by Plaintiff, in Arizona; and, most

importantly, (8) Plaintiff is pursuing these claims against Burns, based on identical facts and law, in the Nevada District Court, in a case filed three months before this one.  (<u>See</u> Mot.; Burns Decl.; Galuppo Decl.)

Faced with this mounting evidence of the Court's lack of personal jurisdiction over Defendant Burns, Plaintiff urges the Court to stay this action until the Nevada case concludes and maintain limited jurisdiction over Defendant Burns' property, upon which the California Superior Court entered a Writ of Attachment.  (<u>See</u> Opp'n.)  The Court declines Plaintiff's invitation because Plaintiff has not demonstrated that the Court has either general or specific jurisdiction over Defendant Burns.  <u>Cubbage v. Merchent</u>, 744 F.2d at 667.

### IV. CONCLUSION

In the interest of justice, the Court GRANTS Defendant Burns' Motion.  Accordingly, as Defendant Burns is the only remaining Defendant to this action, Plaintiff's Complaint is dismissed without prejudice.

Dated: <u>January 14, 2009</u>     _____
　　　　　　　　　　　　　　　　　VIRGINIA A. PHILLIPS
　　　　　　　　　　　　　　　　United States District Judge

6