O                                                      **PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 08-1532-VAP (AGRx)                    Date:  February 10, 2009

Title:     FEDERAL DEPOSIT INSURANCE CORPORATION  -v- LAKE ELSINORE 521, LLC, et al.
==============================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                          None Present
    Courtroom Deputy                                       Court Reporter

ATTORNEYS PRESENT FOR                          ATTORNEYS PRESENT FOR
PLAINTIFFS:                                    DEFENDANTS:

    None                                                   None

PROCEEDINGS:     MINUTE ORDER CLARIFYING AND AMENDING JANUARY 14, 2009 ORDER (IN CHAMBERS)

    The Court has received and considered the papers filed in support of, and in opposition to, Plaintiff's "Motion of Federal Deposit Insurance Company-Receiver to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e)" (Motion"), filed on January 28, 2009.  The matter is appropriate for resolution without a hearing pursuant to Local Rule 7-15; the hearing set for the matter on February 23, 2009 at 10:00 a.m. is VACATED.

    Plaintiff moves the Court to reconsider its January 14, 2009 Order granting Defendant's Motion to Dismiss, for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(2).  A motion for reconsideration brought under Rule 59(e) of the

EDCV 08-1532-VAP (AGRx)
FEDERAL DEPOSIT INSURANCE CORPORATION v LAKE ELSINORE 521, LLC, et al.
MINUTE ORDER of February 10, 2009

Federal Rules of Civil Procedure, "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).  More specifically, a Rule 59(e) motion "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citing 389 Orange Street, 179 F.3d at 665).  See also Bhatnager v. Surrendra Overseas, Ltd., 52 F.3d 1220, 1231 ("[R]eargument should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." (internal quotes omitted)).

     Plaintiff presents the Court with no new facts and no new law to support its argument that the Court has jurisdiction over Defendant.  Instead, Plaintiff argues the Court committed clear error in reaching its conclusion in the January 14th Order; in the least, Plaintiff argues, the Court should address Plaintiff's argument that California's non-resident attachment statute confers the basis for the Court's jurisdiction in this case, in order to clarify the record should Plaintiff seek appeal of the Court's Order.

     The Court now clarifies and supplements its January 14th Order as follows:

     Plaintiff argues the Court has at least limited jurisdiction over Defendant because the California Superior Court entered a writ of attachment on Defendant's property located within this Court's jurisdiction.  Plaintiff relies on the Supreme Court opinion in Shaffer v. Heitner, 433 U.S. 186 (1977), and subsequent federal and state court cases that interpret Shaffer, for the proposition that a court can maintain limited jurisdiction over a defendant's property, even if it does not have personal jurisdiction over the defendant.  Here, Plaintiff argues the California non-resident attachment statute confers the Court's basis for exercising limited jurisdiction over Defendant.  According to Plaintiff, this is the last step in the analysis of determining whether or not the Court has jurisdiction over Defendant.  Plaintiff is mistaken.

EDCV 08-1532-VAP (AGRx)
FEDERAL DEPOSIT INSURANCE CORPORATION v LAKE ELSINORE 521, LLC, et al.
MINUTE ORDER of February 10, 2009

The Court must next ask whether exercise of even limited jurisdiction over Defendant "offends traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Shaffer v. Heitner, 433 U.S. 186, 212 (1977).  The "minimum contacts" doctrine applies to every exercise of judicial power.  Shaffer, 433 U.S. at 212.  Plaintiff does not show Defendant has sufficient minimum contacts with California to support the Court's jurisdiction; nor can Plaintiff rebut Defendant's affirmative showing that there is no basis for finding sufficient minimum contacts exist here.

Next, Plaintiff argues the Court should exercise limited jurisdiction over Defendant's attached property, because there is no assurance that the Defendant's property in Nevada, the venue for the pending identical lawsuit, will be sufficient to satisfy the Nevada Court's potential judgment.  This is not a basis to find Defendant has sufficient minimum contacts in California.  See Shaffer, 433 U.S. at 212 (the mere fact that property is located within a state may not by itself be a sufficient "contact" to support personal jurisdiction over a nonresident defendant as to unrelated matters); H. Ray Baker, Inc. v. Assoc. Banking Corp., 592 F.2d 550, 552 (9th Cir. 1979) ("The presence of assets in California is a relevant contact, though not one that is sufficient by itself to confer jurisdiction.").

Lastly, the so-called "security exception" discussed in dicta in the Shaffer opinion does not apply here because Plaintiff does not show any basis for its application.  Shaffer, 433 U.S. at 209-10 (in dicta, stating in some cases where personal jurisdiction is unavailable, a court could exercise quasi in rem jurisdiction over a defendant's assets to protect against concealment or removal of those assets).  There are no facts before the Court to establish Defendant is trying to avoid a potential judgment from the Nevada court by moving his assets to this forum, that he is attempting to hide assets here, or that he intends to do so in the future.

Plaintiff does not meet its burden of showing the Court's jurisdiction, even in a limited form, over Defendant is proper in this case.  See Cubbage v. Merchent, 744 F.2d 665, 667 (9th Cir. 1984).  The Court denies Plaintiff's request for further jurisdictional discovery; Plaintiff does not proffer what evidence, if any, it could uncover, or what it would seek specifically to overcome Defendant's substantial

EDCV 08-1532-VAP (AGRx)
FEDERAL DEPOSIT INSURANCE CORPORATION v LAKE ELSINORE 521, LLC, et al.
MINUTE ORDER of February 10, 2009

evidence that he has insufficient contacts with California to confer jurisdiction here. See Terracom v. Valley Nat. Bank, 49 F.3d 555, 562 (9th Cir. 1995).

**IT IS SO ORDERED.**